**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ARCHITECTURAL IRON WORKERS'** | ) | |
| **LOCAL NO. 63 WELFARE FUND;** | ) | |
| **ARCHITECTURAL IRON WORKERS'** | ) | |
| **LOCAL NO. 63 DEFINED CONTRIBUTION** | ) | |
| **PENSION FUND; ARCHITECTURAL** | ) | |
| **METAL TRAINEE SCHOOL FOR LOCAL** | ) | |
| **NO. 63; and IRON LEAGUE OF CHICAGO,** | ) | |
| | ) | **Civil Action** |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No.  13 cv 02411** |
| | ) | |
| **PIERINI IRON WORKS, INC.,** | ) | **Hon. Sharon Johnson Coleman** |
| **Defendant.** | ) | **Magistrate Michael T. Mason** |

**ANSWER TO COMPLAINT**

Plaintiff **PIERINI IRON WORKS, INC.** ("PIW"), by and through its attorney, Mark J.

Rose, answers the *Complaint* ("Complaint") of Plaintiffs **ARCHITECTURAL IRON**

**WORKERS' LOCAL NO. 63 WELFARE FUND; ARCHITECTURAL IRON WORKERS'**

**LOCAL NO. 63 DEFINED CONTRIBUTION PENSION FUND; ARCHITECTURAL**

**METAL TRAINEE SCHOOL FOR LOCAL NO. 63; and IRON LEAGUE OF CHICAGO**

(collectively, "Plaintiffs") as follows:

1.      This action arises under Section 502 of the Employee Retirement Income
Security Act and Section 301 of the Taft-Hartley Act.  (29  U.S.C. §§1132 and 185).
Jurisdiction  is founded on the existence of questions arising thereunder.

**ANSWER:**  The allegations contained in Paragraph 1 of Plaintiffs' Complaint constitute a

conclusion of law requiring no answer.

2.      The ARCHITECTURAL AND ORNAMENTAL IRON WORKS LOCAL N0.63
WELFARE FUND, et. al. (collectively  referred  to  as the "Local  63  Trust  Funds") receive
contributions from numerous employers pursuant to Collective Bargaining Agreements between

the employers and the ARCHITECTURAL AND ORNAMENTAL IRON WORKERS' UNION
LOCAL NO. 63, ("Local 63  Union").

**ANSWER:**  PIW admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.      The Local 63 Trust Funds are multi-employer plans as defined under 29 U.S.C.
§1002.

**ANSWER:**   PIW admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.      The Trust Funds are administered in Oak Brook, Illinois and venue is proper in
the Northern District of Illinois.

**ANSWER:**   For its answer to Paragraph 4 of Plaintiffs' Complaint, PIW admits that the Trust

Funds are administered in Oak Brook, Illinois.  PIW further states that the remaining allegation

contained in Paragraph 4 of Plaintiffs' Complaint constitutes a conclusion of law requiring an

answer.

5.      The Defendant is an employer engaged in an industry affecting commerce, which
entered into a Collective Bargaining Agreement whose terms require Defendants to pay fringe
benefits to the Trust Funds.

**ANSWER:**  PIW admits the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.      The Agreement and the Collective Bargaining Agreements also bind the
Defendant to the provisions of the Agreement and Declarations of Trust which created the Iron
Workers' Local No. 63 Trust Funds ("Trust Agreements").

**ANSWER:**   The allegations contained in Paragraph 6 of Plaintiffs' Complaint constitute a

conclusion of law requiring no answer.

7.      The Defendant is required to make contributions to the Local 63 Trust Funds for
each hour worked by its Iron Worker employees at the rate and in the manner specified in the
Collective Bargaining Agreement and Trust Agreement.  In addition, the Defendant is required
to make contributions to the Local 63 Union measured by the hours worked by Iron Worker
employees and/or Local 63 members at the rate and in the manner specified in the Collective
Bargaining Agreement and Trust Agreement for the Assessment Fund and IPAL. The Defendant
is also liable for subcontracting ironwork to a company, which does not pay the contributions

**ANSWER:**  PIW admits the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

2

8.      The CBA and Trust Agreements provide that employers who do not timely pay all contributions are also liable for liquidated damages, interest, audit fees and attorney fees.

**ANSWER:**  The allegations contained in Paragraph 8 of Plaintiffs' Complaint constitute a

conclusion of law requiring no answer.

9.      The Defendant, PIERINI IRON WORKS, INC., breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to submit fringe benefit reports and contributions for the months of December 2012 to the present.

**ANSWER:**  For its answer to Paragraph 9 of Plaintiffs' Complaint, PIW admits that the

concerned fringe benefit reports were not <u>timely</u> submitted to Plaintiffs, but states that such

reports have now been transmitted to Plaintiffs' counsel.  PIW, therefore, denies the allegations

contained in Paragraph 9 of Plaintiffs' Complaint.

10.     As a result of said breaches, the Defendant is also liable to the plaintiffs for the following ancillary damages on top of the fringe benefit contributions:

a.      Attorneys' fees and costs pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2);

b.      Liquidated damages and interest pursuant to the Trust Agreements and 29 U.S.C. §1132(g)(2); or

c.      Double interest pursuant to 29 U.S.C. §1132(g)(2), whichever is greater.

**ANSWER:**  The allegations contained in Paragraph 10 of Plaintiffs' Complaint constitute a

conclusion of law requiring no answer.

**WHEREFORE**, Plaintiff **PIERINI IRON WORKS, INC.** prays for the entry of an

Order dismissing the *Complaint* of Plaintiffs **ARCHITECTURAL IRON WORKERS'**

**LOCAL NO. 63 WELFARE FUND; ARCHITECTURAL IRON WORKERS' LOCAL**

**NO. 63 DEFINED CONTRIBUTION PENSION FUND; ARCHITECTURAL METAL**

**TRAINEE SCHOOL FOR LOCAL NO. 63; and IRON LEAGUE OF CHICAGO**; and for

such further relief as to the Court shall seem just and proper.

**PIERINI IRON WORKS, INC.**

**By:**   /s/ Mark J. Rose

**Its Attorney**

#2378728
Mark J. Rose, Esq.
LAW OFFICES OF MARK J. ROSE
200 W. Adams Street, Suite 2850
Chicago, Illinois 60606
MJRoseEsq@aol.com
312.704.1446

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that Pierini Iron Works, Inc.'s *Answer to Complaint* was filed electronically with the Court on May 30, 2013.  Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF registered parties indicated below.  Parties may access this filing through the Court's CM/ECF system.

Michael J. McGuire
Gregorio & Associates
2 North LaSalle Street, Suite 1650
Chicago, Illinois 60602

/s/ Mark J. Rose

Mark J. Rose, Esq.

#2378728
Mark J. Rose, Esq.
LAW OFFICES OF MARK J. ROSE
200 W. Adams Street, Suite 2850
Chicago, Illinois 60606
312.704.1446
MJRoseEsq@aol.com